**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

FRED RICHARDSON,

Plaintiff,

v. No. 1:26-cv-02028-KWR-JMR

NAVY FEDERAL CREDIT UNION and
TRANS UNION LLC,

Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand. Pl.'s Mot. to Remand, Doc. 11. This case was removed on federal question and supplemental jurisdiction. *See* Def.'s Notice of Removal, at 2, Doc. 1. Plaintiff now seeks to remand the case, arguing that (1) Defendants failed to answer Plaintiff's Complaint in state court, (2) the core violations arise under New Mexico state law and federal law (3) New Mexico state court ought to adjudicate alleged violations of New Mexico state law, and (4) judicial economy and fairness factors favor remand. Mot, at 1–2. Defendants Navy Federal Credit Union ("NFCU") and Trans Union LLC ("Trans Union") oppose the Motion, asserting the valid existence of federal question and supplemental jurisdiction. Defs.' Joint Resp., at 2–3, Doc. 12. As explained below, Defendants validly removed the case, Plaintiff's arguments fail, and the Court properly retains federal question and supplemental jurisdiction over the case.

Having reviewed Plaintiff's Motion, Defendant's Joint Response in Opposition to Plaintiff's Motion to Remand, and the relevant law, the Court finds that Plaintiff's Motion is not well-taken, and therefore, is **DENIED**.

## BACKGROUND

On June 4, 2026, Plaintiff filed a Complaint in New Mexico's Santa Fe County Magistrate Court alleging that Defendants ran afoul of the Fair Credit Reporting Act and New Mexico state law from the same alleged controversy. Plaintiff alleges that Defendant NFCU reported, and Defendant Trans Union accepted, a payment of zero dollars to update his account's delinquency dates in 2023 and extended the reporting period after Plaintiff allegedly closed his account in 2018. Notice of Removal, at 9–11.

On June 24, 2026, Defendant Trans Union removed—with Defendant NFCU's consent—the case to this Court based on federal question and supplemental jurisdiction. *Id.* at 1–3. No parties have raised diversity jurisdiction. *See* Notice of Removal; *see also* Mot.; *see also* Defs.' Joint Resp. On July 1, 2026, Defendants separately answered Plaintiff's allegations in this Court. *See* Def. NFCU's Answer, Doc. 9; *see also* Def. Trans Union's Answer, Doc. 10. Meanwhile, on July 1, 2026, Plaintiff filed a Motion to Remand the case to the Santa Fe County Magistrate Court, asserting that jurisdiction is proper in state court. Mot. On July 10, 2026, Defendants filed their Joint Response in Opposition to Plaintiff's Motion to Remand. Defs.' Joint Resp.

## LEGAL STANDARD

Defendants  remove civil cases brought in state court if the federal court has original jurisdiction (federal question or diversity). 28 U.S.C. § 1441(a). "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *United States ex re. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 160 (10th Cir. 1999)). "As the parties removing this case to federal court, the defendants bear the burden of establishing jurisdiction by a preponderance of the evidence." *Id.*

## DISCUSSION

Plaintiff argues that the Court should remand this case on various grounds. The Court does not find Plaintiff's arguments well-taken. Here, removal was appropriate pursuant to federal question and supplemental jurisdiction. 28 U.S.C. §§ 1331, 1367, 1441. And no discretionary factors from § 1367(c) marshal declining supplemental jurisdiction over Plaintiff's state law claims.

### I. <u>Defendants properly removed the case</u>.

Federal district courts possess federal question jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." § 1331. "[T]o exercise federal question jurisdiction under 28 U.S.C. § 1331, there must be a constitutional or federal statutory provision under which plaintiffs are aggrieved." *W. Shoshone Bus. Council ex rel. W. Shoshone Tribe of Duck Valley Rsrv. v. Babbitt*, 1 F.3d 1052, 1058 (10th Cir. 1993).

Specifically, federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012). "The plaintiff can elect the judicial forum—state or federal—based on how he drafts his complaint." *Id.* A plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. And "if a complaint includes the requisite federal question, a federal court often has power to decide state-law questions too." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025). If there is the requisite federal question, a federal court can hear the state law questions if they are "so related to" the federal question "that they form part of the same case or controversy." § 1367.

Defendants assert that the Court has federal question jurisdiction over this case. Plaintiff invoked both federal and state law claims—arising from the same alleged controversy—in the plain text of his Complaint, thus providing the Court with federal question and supplemental jurisdiction. *See* Notice of Removal, at 10. Two of Plaintiff's three causes of action are premised on Defendants' alleged violation of the Fair Credit Reporting Act ("FCRA"), a federal statute. *Id.* (Count I and Count III); 15 U.S.C. § 1681–1681(x). Plaintiff himself conceded that "the core violations arise under New Mexico state law and federal law." Mot., at 2 (citation modified). Defendants highlighted Plaintiff's clear invocation of federal law in their Notice of Removal and Joint Response to Plaintiff's Motion, successfully carrying their burden of proof to demonstrate that a federal question is present. *See* Notice of Removal, at 2 ("Removal is proper because Plaintiff's claims present a federal question."); *see also* Defs.' Joint Resp., at 2 ("Plaintiff's Motion to Remand concedes that the 'asserted claims [are] under the federal Fair Credit Reporting Act' and 'involve New Mexico state law and improper conduct under federal law.'") (quoting Mot., at 2). Additionally, Plaintiff's federal and state law claims originate from the same set of factual allegations, comprising a singular controversy and permitting the court to exercise supplemental jurisdiction under § 1367. Notice of Removal, at 10. By including causes of actions in his Complaint founded on federal law, Plaintiff welcomed the prospect of removal to federal court. Defendants validly exercised their right of removal.

**II. <u>All proceedings in state court following removal are void</u>.**

Plaintiff's arguments that remand is warranted "so the state court can address Plaintiff's pending default judgment request" and because Defendants did not answer his Complaint in state court lack merit. *See* Mot., at 2. Plaintiff contends that because Defendants submitted their respective answers in this Court, and failed to file their answers in state court, remand is justified

to allow the state court to rule on Plaintiff's pending default judgment request. *Id.* Once a notice of removal is filed, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Defendants filed their notice of removal on June 24, 2026, and Plaintiff filed with the state court his "Request for Default Judgment" two days later, on June 26, 2026. *See* Notice of Removal; *see also* Mot., at 2. Thus, on June 24, 2026, the "State court 'lo[st] all jurisdiction over the case,' " and all following proceedings in the state court are "absolutely void." *See Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano*, 589 U.S. 57, 63–64 (2020) (quoting *Kern v. Huidekoper*, 103 U.S. 485, 493 (1881)) (citation modified); *see also Coyle v. Skirvin*, 124 F.2d 934, 937 (10th Cir. 1942). Defendants accurately assert that a "removing party's right to a federal forum becomes 'fixed' upon filing a notice of removal." *Roman Cath. Archdiocese*, 589 U.S. at 64. Defendants timely filed their respective answers with this Court within the seven-day deadline after filing the notice of removal. Def. NFCU's Answer; Def. Trans Union's Answer; *see also* Fed. R. Civ. P. 81(c)(2).

## III. <u>Federal and state law claims from the same controversy establish federal jurisdiction</u>.

Plaintiff's argument that the "core violations" of his Complaint "arise under New Mexico and federal law" does not support remand. Mot., at 2 (citation modified). Plaintiff asserts that "the primary violations in this case involve New Mexico state law and improper conduct under federal law" to support remand. *Id.* As explained above, however, the existence of related federal and state law claims does not weaken the Court's jurisdiction but instead establishes federal question and supplemental jurisdiction. §§ 1331, 1367.

## IV. <u>This Court's jurisdiction over the case does not upset federalism or comity principles</u>.

Plaintiff's argument that "New Mexico has a direct interest in this matter" such that this Court's jurisdiction over this matter would upset principles of federalism is similarly unpersuasive.

Mot. (citation modified).[1] If removal was proper, the Court can only choose to decline supplemental jurisdiction over claims not in its original jurisdiction under § 1367(c). Thus, the Court has no discretion as to Plaintiff's federal claims. In determining whether to exercise supplemental jurisdiction over related state claims, courts can consider four factors, including whether the (1) the claims involves a novel or complex issue of state law, (2) the state law claims substantially predominates over the claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) if there are exceptional circumstances to compel declining supplemental jurisdiction. *Id.*

Although Plaintiff correctly identifies comity as a scale that can tip the exercise of supplemental jurisdiction, it does not merit relinquishing this case to state court. *See* § 1367(c)(1)–(2); *see also City of Chicago*, 522 U.S. at 174 ("Federal courts may decline to exercise their jurisdiction . . . where abstention is warranted by . . . regard for federal-state relations.") (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). The first and second § 1367 factors permit federal courts to decline to exercise supplemental jurisdiction on comity and state court deference grounds. Here, Plaintiff's state law claims are not novel, nor do they predominate over the federal law claims.

Novelty and complexity concerns arise where state law is uncertain and a federal court would "guess" or be left "uncertain" such that "authoritative disposition of the claim" would be best resolved by the state. *Roe v. Cheyenne Mountain Conf. Resort, Inc,*, 124 F.3d 1221, 1237

---

[1] It is a long-honored and well-established convention of our federalism that federal courts may hear both federal and state law claims—Congress has given its imprimatur on this dynamic, codifying the rules of diversity and supplemental jurisdiction in § 1332 and § 1367, respectively, to allow federal courts to hear and rule on certain matters involving state law. While federal question jurisdiction arrives under the Court's original jurisdiction, hearing Plaintiff's federal claim is not discretionary, supplemental jurisdiction over Plaintiff's related state law claims remains discretionary—federal "district courts may decline to exercise supplemental jurisdiction over a claim" in certain circumstances. *See* § 1367; *see also City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (discussing that the supplemental jurisdiction "statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.").

(10th Cir. 1997). Plaintiff exclusively references one state statute, NMSA 1978, § 37-1-16 (1957) and abstractly alleges "willful violations of . . . New Mexico law." *See* Notice of Removal, at 10. First, the referenced state statute is not an independent cause of action, but rather a statutory clock to determine when certain state law causes of action may toll or be revived. *See id; see also* Section 37-1-16. Second, myriad state cases exist as guideposts for the meaning of Section 37-1-16. *See e.g.*, *Autovest, L.L.C. v. Agosto*, 563 P.3d 811 (N.M. 2025); *Reynolds v. Landau*, 468 P.3d 928 (N.M. Ct. App. 2020); *Lea Cnty. State Bank v. Markum Ranch P'ship*, 344 P.3d 1089 (N.M. Ct. App. 2015); *Corona v. Corona*, 329 P.3d 701 (N.M. Ct. App 2014). Additionally, "[a]s a general matter, common law contract and tort claims," like here, "do not present novel or complex questions of state law." *Favela v. City of Las Cruces ex rel. Las Cruces Police Dep't*, 431 F. Supp. 3d 1255, 1273 (D.N.M. 2020) (quoting 13D *Wright & Miller's Federal Practice & Procedure* § 3567.3, at n.60 (3d. ed. 2008)). Thus, Plaintiff's state law claim, even liberally construed, is proper in this Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting *Estelle v Gamble*, 429 U.S. 97, 106 (1976)).

State law predominates over federal law when state and federal claims arise from different facts, such that "a substantial quantity of evidence supporting [a plaintiff's] state claims . . . would not be relevant to the federal claims." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). Indeed, "[w]hether State-law claims predominate is assessed 'in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–27 (1966). Plaintiff's federal and state law claims arise from a singular set of factual allegations comprising one incident; the same evidence is

equally probative of both his federal and state claims. Thus, state law does not predominate. *See* Notice of Removal, at 10.

**V. <u>Judicial economy and fairness do not favor remand</u>.**

Finally, Plaintiff's arguments that judicial economy and fairness militate for remand are not well taken. Mot., at 2. Plaintiff argues "[r]emand would reduce unnecessary burden on [himself]" and "promote judicial economy." *Id.* Plaintiff further urges remand because the "federal courthouse in Albuquerque is approximately 1.5 hours from [his] residence" and he "is self-represented and serves as a full-time caregiver for his totally disabled adult son." *Id.*

Courts have explained that federal district courts exercise supplemental jurisdiction to "vindicate values of economy, convenience, fairness, and comity." *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1164 (10th Cir. 2004). Additionally, § 1367(c)(4) delineates federals courts' capacity for discretion in exercising supplemental jurisdiction "in exceptional circumstances." First, redirecting this case to state court would not hasten resolution or preserve judicial economy, as no significant material proceedings have occurred at the state level—in fact, Defendants have filed their answers in this Court, and all proceedings in the state court following Defendants' removal are void, as discussed above. *See* Notice of Removal. At this stage, judicial economy would be best served by keeping the matter in this Court. Second, while the Court is sympathetic to Plaintiff's personal circumstances, the Court does not find Plaintiff's stated encumbrances of his distance or status as a caretaker as exceptional enough to constitute remand under § 1367(c)(4). Plaintiff does not disclose the precise location of his residence; however, Santa Fe and Albuquerque are approximately 60 miles apart, a relatively insignificant distance. *Parker v. Scrap Metal Processors, Inc*, 468 F.3d 733, 746 (11th Cir. 2006) (holding that "a mere 36 mile[]" travel distance for the parties to access the federal court

did "not rise to the level of 'exceptional reasons or compelling circumstances' described in § 1367(c)(4)."). Furthermore, it is not anomalous for a pro se litigant to work a full-time job or otherwise serve as a full-time caretaker of a family member. Plaintiff's contentions about inconvenience do not rise to the type of exceptional circumstances anticipated by § 1367(c)(4).

## CONCLUSION

The Court is equipped to adjudicate Plaintiff's claim and finds no compelling reason to remand his claims to state court. Defendants validly and properly removed the case on the basis of federal question and supplemental jurisdiction. Retaining supplemental jurisdiction over Plaintiff's state law claims is appropriate at this stage because: (i) Plaintiff's state law claims arise from an identical set of facts as his federal law claims and do not substantially predominate over his federal claims, (ii) the Court can resolve Plaintiff's State law claims without addressing novel or complex issues of state law, (iii) judicial economy supports exercise of supplemental jurisdiction at this stage, and (iv) Plaintiff has not put forth exceptional circumstances to justify the Court to decline supplemental jurisdiction.

**IT IS THEREFORE ORDERED** the Plaintiff's Motion to Remand (Doc. 11) is **DENIED** for the reasons described in this order.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE